UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH L. BAUER, | ) |
| EARL P. BROWN, | ) |
| ROBERT E. BURKHOLDER, | ) |
| ERIC A. CROOM, | ) |
| ARTHUR W. FLASHER, | ) |
| JEFFREY D. JOHNSON, | ) |
| MICHAEL S. KEIM, | ) |
| PAUL E. LUDWIG, | ) |
| ANTHONY MONTGOMERY, | )   Case No.: 1:06cv00666-GK |
| GREGORY B. NOVOTNY, | ) |
| MICHAEL J. PECORARO, | ) |
| WILLIAM R. POTTS, | ) |
| LIA SPENCER-PATTERSON, | ) |
| and | ) |
| RICHARD WOZNIAK, | ) |
| Plaintiffs, | ) |
| v. | ) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY 600 FIFTH STREET, NW WASHINGTON, DC 20001, | ) |
| Defendant. | ) |

## DEFENDANT WMATA'S
## MOTION TO DISMISS

Defendant Washington Metropolitan Area Transit Authority ("WMATA") respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss this case for lack of jurisdiction over the subject matter because WMATA is immune from the Fair Labor Standards Act ("FLSA") claims in issue in accordance with the Supreme Court's decision in <u>Alden v. Maine</u>, 527 U.S. 706 (1999). The grounds for this motion are set forth in greater detail in the accompanying Memorandum of Points and Authorities.

WHEREFORE, for the foregoing reasons, WMATA respectfully requests that this motion be granted and that this case be dismissed with prejudice.

Respectfully submitted,

Carol B. O'Keeffe #445277
General Counsel

     /s/
Mark F. Sullivan #430876
Deputy General Counsel

     /s/
Gerard J. Stief #925933
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1463
Attorneys for Defendant WMATA

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENNETH L. BAUER, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:06cv00666-GK |
| ) | |
| **WASHINGTON METROPOLITAN** ) | |
| **AREA TRANSIT AUTHORITY,** ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WMATA'S MOTION TO DISMISS

### INTRODUCTION

Defendant Washington Metropolitan Area Transit Authority ("WMATA") submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss. Plaintiffs are 14 current or former WMATA Transit Police Officers. (Complaint, Paragraph 1). Plaintiffs are or were police dog/canine handlers. (Complaint, Paragraph 3). The gravamen of Plaintiffs' Complaint is their claim that, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., they are entitled to be paid time-and-a-half for time spent above their normal 40 hours work week for "caring for, feeding, maintaining, housing, exercising, grooming, and transporting" their police dogs. (Complaint, Paragraph 9). The police dogs live with their handlers, and normally the dogs accompany the handlers to and from work. Plaintiffs are seeking monetary damages of back pay, liquidated damages, and interest.

ARGUMENT

I. Alden v. Maine Compels Dismissal Of This Action.

WMATA is an interstate compact agency of the District of Columbia, Maryland, and Virginia which possesses sovereign immunity except as expressly waived. Morris v. WMATA, 781 F.2d 218, 219 (D.C. Cir. 1986) ("WMATA's sovereign immunity exists because the signatories have successfully conferred their respective sovereign immunities upon it"); see also Hess Port Authority of New York, 513 U.S. 30, 49-50 (1994) (citing Morris with approval); Souders v. WMATA, 48 F.3d 546, 548 (D.C. Cir. 1995) (holding that WMATA has sovereign/Eleventh Amendment immunity from a nuisance suit challenging WMATA's noise criteria and noting that WMATA "enjoys sovereign immunity except where it has consented to suit").

In Alden v. Maine, 527 U.S. 706 (1999), the Supreme Court expressly recognized that Congress did not have the power to subject nonconsenting states to private FLSA suits in either federal or state courts. In Alden, the plaintiffs were probation officers who sued their employer alleging that the state had violated the overtime provisions of th FLSA. Their initial suit in federal court was dismissed under Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996), which precludes federal court jurisdiction over suits against states, unless Congress acted pursuant to its enforcement powers under the Fourteenth Amendment. Claims that the FLSA was enacted pursuant to the Fourteenth Amendment have been roundly rejected. See Abril v. Commonwealth of Virginia, 145 F.3d 182, 185-89 (4th Cir. 1998); Mills v. State of Maine, 118 F.3d 37, 41-49 (1st Cir. 1997); Wilson-Jones v. Caviness, 99 F.3d 203, 206-11 (6th Cir. 1996), amended on other grounds, 107 F.3d 358 (6th Cir. 1997); see also Alden,

2

supra. The plaintiffs in Alden then filed an identical claim in state court. In affirming the dismissal of the state court FLSA claims, the Supreme Court held that the state's sovereign immunity from a private suit was beyond Congress' power to abrogate by Article I legislation. Thus, in light of Alden, WMATA as a sovereign entity cannot be sued in any court, federal or state, for alleged FLSA violations.

WMATA's position herein is consistent with other appellate cases arising under other federal statutes. In Jones v. WMATA, 205 F.3d 428 (D.C. Cir. 2000), the D.C. Circuit overturned an award of compensatory damages against WMATA under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., because of WMATA's immunity from ADEA actions. See also Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000) (purported abrogation of immunity under ADEA exceeded Congress' authority); Board of Tr. of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001) (state's immunity bars suit for state's alleged failure to comply with Title I of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq. In Lizzi v. Alexander, 255 F.3d 128 (4th Cir. 2001), cert. denied, 534 U.S. 1081 (2002), the Fourth Circuit held that WMATA was immune in a suit seeking damages under the personal leave provisions of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. See also Lizzi v. WMATA, 384 Md. 199, 862 A.2d 1017 (2004), cert. denied, 125 5 2919 (2005) (likewise recognizing WMATA's immunity from the FMLA's personal leave provisions).

In summary, WMATA's immunity from FLSA claims bars the instant suit by Plaintiffs. The case should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, WMATA respectfully requests that this motion be

granted and that the case be dismissed with prejudice.

                        Respectfully submitted,

                        Carol B. O'Keeffe #445277
                        General Counsel

                        _____/s/_____
                        Mark F. Sullivan #430876
                        Deputy General Counsel

                        _____/s/_____
                        Gerard J. Stief #925933
                        Associate General Counsel
                        600 Fifth Street, N.W.
                        Washington, D.C.  20001
                        (202) 962-1463
                        Attorneys for Defendant WMATA

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH L. BAUER, et al., | ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Case No.: 1:06cv00666-GK <br> ) |
| WASHINGTON METROPOLITAN <br> AREA TRANSIT AUTHORITY | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## ORDER

Upon consideration of Defendant WMATA's Motion to Dismiss, the Opposition thereto, and good cause having been shown, it is by the Court this _____ day of _____, 2006:

ORDERED, that the motion is granted. WMATA is immune from Plaintiffs' claims under the rationale of Alden v. Maine, 527 U.S. 706 (1999) and Jones v. WMATA, 205 F.3d 428 (D.C. Cir. 2000). The case is dismissed with prejudice for lack of subject matter jurisdiction.

_____
United States District Judge